UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

UFCW LOCAL ONE HEALTH CARE FUND and its
TRUSTEES: Frank C. DeRiso, I. Stephen Davis,
Gregory P. Gorea, Robert Ciancaglini, Raymond
Wardynski, Roger Hemmitt, Joseph L. Sahlen and
David Pardi

And

UFCW LOCAL ONE 401(K) SAVINGS FUND and its
TRUSTEES: Frank C. DeRiso, Joseph L. Sahlen, and
Gregory P. Gorea,

                    Plaintiffs,

Case No. 6:18-cv-551
(GTS/TWD)

-against-

FAXTON-SUNSET – ST. LUKE'S HEALTH CARE
CENTER, INC. d/b/a HERITAGE HEALTHCARE
CENTER, a/k/a HERITAGE HOME

And

STRAUSS VENTURES, LLC d/b/a THE GRAND
HEALTHCARE SYSTEM

And

HERITAGE OPERATING ASSOCIATES, LLC,

                    Defendants.

---

## SEALING ORDER

Defendants' request for leave to file the parties' settlement agreement, filed with the Court under separate seal, under seal pursuant to Rule 5.2(d) of the Federal Rules of Civil Procedure and Local Rule 83.13(a) is GRANTED. Under the legal standard set forth in *Lugosch v. Pyramid Co. of Onondaga Cty.*, 435 F.3d 110, 125-26 (2d Cir. 2006), the Court finds that such sealing is (1) essential to preserve values higher than a common law or qualified constitutional

2

right of access to the material and (2) narrowly tailored to serve that interest. More specifically, the Court finds that the parties possess a strong privacy interest in the financial and business information contained in the settlement agreement, and notes that Plaintiffs do not oppose Defendants' sealing request. It is therefore;

    ORDERED that the Clerk of the Court is directed to place the settlement agreement under seal.

BY THE COURT:

_____
United States District Judge

4849-2954-6113, v. 2